UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUDOLPH AND SYLVIA GONZALES                CIVIL ACTION

VERSUS                                     NO. 06-7670

LEXINGTON INSURANCE COMPANY                SECTION "C" (4)
AND WINCHESTER GENERAL AGENCY,
INC.

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs, Rudolph and Sylvia Gonzales. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is inappropriate for the following reasons.

The plaintiffs' claims concern unpaid claims for hurricane damage under a homeowner's policy issued by defendant Lexington Insurance Company ("Lexington") to the plaintiffs regarding their property in St. Bernard, Louisiana. The plaintiffs claim that Winchester General Agency, Inc. ("Winchester"), failed to properly advise the plaintiffs, failed to provide a copy of the policy to the plaintiffs, failed to provide

adequate coverage, failed to properly assess the damage and failed to notify Lexington that the property was in an area "susceptible to high winds."  (Pet.  20 VIII).

This matter was removed on the basis of jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act,  28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA") and diversity.  This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases such as this one.  Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006).   It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location.  Case v. ANPAC Louisiana Insurance Co., 2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.

Lexington also argues that Winchester, the non-diverse insurance agent defendant, was fraudulently joined in order to defeat removal.   "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court. Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).  This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be

able to recover against an in-state defendant..". <u>Smallwood v. Illinois Central Railroad Co.</u>, 385 F.3d 568, 572 (5th Cir. 2004)(en banc).   See also <u>Melder v. Allstate Corp</u>, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  <u>Smallwood</u>, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder,  minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."   <u>Id.</u>   "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."  <u>Id.</u>

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested.  <u>Southern Athletic Club,LLC v.</u>

3

Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).  On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested.  Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

     In conjunction with this motion, Lexington provides the affidavit of John Rowan Smith, III, the president of Winchester, who states that Winchester is a wholesale insurance broker that "has never communicated with, talked to or made any representations to Plaintiffs Rudolph and Sylvia Gonzales."  (Rec. Doc. 8, Exh. 5, p. 2). The plaintiffs do not rebut this affidavit, but only argue that "The liability of Winchester General Agency attaches to its agent, Elite Insurance, if in fact the facts show Elite conducted business for Winchester."  (Rec. Doc. 10, p. 2).

No mention of "Elite Insurance" is made in the petition. The plaintiffs' argument in response to the affidavit appears to have nothing to do with their own allegations. This Court finds that the Winchester has been improperly joined for purposes of removal and diversity jurisdiction.

For reasons unknown to the Court, the defendant has not responded to the Court's November 6, 2006, order regarding the jurisdictional amount. (Rec. Doc. 6). Counsel are reminded that they may neither consent to nor waive federal subject matter jurisdiction. <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). <u>Affirmative proof as to the minimum jurisdictional amount shall be provided.</u>

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiffs, Rudolph and Sylvia Gonzales is DENIED. (Rec. Doc. 7).

IT IS FURTHER ORDERED that the defendant shall respond to the Court's November 6, 2006, order no later than January 31, 2007.

New Orleans, Louisiana, this 16th day of January, 2007.

                                               HELEN G. BERRIGAN
                                               UNITED STATES DISTRICT JUDGE