UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUDOLPH GONZALES, ET AL                     CIVIL ACTION

VERSUS                                       NO. 06-7670

LEXINGTON INSURANCE COMPANY,                 SECTION "C" (3)
ET AL

ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action.  Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under her homeowner's policy.  The defendants removed based on diversity, and a motion to remand based on the fraudulent joinder of the nondiverse defendant was subsequently denied.  In the petition, the plaintiff demands the remaining policy limits under Louisiana's Valued Policy Law, La. Rev. Stat. §22:695 ("VPL"), and did not request trial by jury. (Petition, ¶ X).  In its memorandum on jurisdictional amount, the defendant acknowledges that it has paid the plaintiff

1

$1,500.00 under the policy, which has policy limits of $101,000.00 for the building and $50,500.00 for contents for VPL policy purposes. (Rec. Doc. 12). In the plaintiffs' memorandum, they seek remand and admit receiving $110,000.00 in flood insurance proceeds for structure and contents damage.

The parties may neither consent to nor waive federal subject matter jurisdiction. <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. <u>Id.</u> This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. <u>Id.</u> It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

This Court has ruled that flood insurance recovery must be offset against any homeowners recovery under the VPL for present purposes. Glaser v. State Farm Fire & Casualty Co., 2007 WL 1228794 (E.D.La.).[1] The amount remaining under the homeowner's policy, assuming it represents an accurate value of the insured property and that the property was a total loss, is less than the minimum amount in controversy required for diversity jurisdiction at the time of removal. Although the issue is a close one, it is the value of the plaintiff's claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied.

---

[1] In finding that the flood payment offset must be taken into account in determining whether the jurisdictional amount existed at the time of removal, this Court joins Judges Vance and Judge Zainey in recognizing the necessity of offset to avoid double recovery and to promote the policy behind the Valued Policy Law. Esposito v. Allstate Insurance Co., Civ. Act. No. 06-1837 "A" (Ap. 13, 2007); Weiss v. Allstate Insurance Co., 3007 WL 892869; Caruso v. Allstate Insurance Co., 2007 WL 625830 (E.D.La.); Chauvin v. State Farm Fire & Casualty Co., 450 F.Supp.2d 660 (E.D.La. 2006).

The Court finds that the allegations of the petition alone do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum because the remaining coverage is necessarily affected by any flood insurance payments.   No affirmative proof of the actual loss claimed  has been presented.  The Court finds that the defendant has failed to meet its burden of proof under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,  IT IS ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 18th  day of May, 2007.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE